THOS. G. CRAIGHEAD v. ALBERT WELLS et al.

1. BILLS AND NOTES. *Due course of trade.* A note taken in payment of a pre-existing debt, is not received in the due course of trade, and is subject, in the hands of the person so receiving it, to all the equities against it.

2. SAME. *Fraudulent transfer.* A note fraudulently passed by an agent or trustee to another, to secure such other person against liability assumed for the party who transfers the note, is not received in due course of trade, and the real owner is entitled to it as against the party who receives it.

Cases cited: Kimbro v. Lytle, 10 Yer., 423; Nichol v. Bate, 10 Yer., 432.

FROM MARION.

Appeal from the Chancery Court. D. M. KEY, Chancellor.

KEY & RICHMOND for complainant.

A. A. HYDE for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Craighead filed his bill in the Chancery Court at Jasper, to enforce his vendor's lien against a lot in Jasper. He claims the lien by the transfer to him of three notes of $133 each, by E. T. Redfield & Co. on Albert Wells, given for the lot, with a title bond to convey title when the purchase money is paid. The bill was taken for confessed as to Redfield and A. Wells.

W. Byrne, the partner in the firm of E. T. Red-

field & Co., answers and contests Craighead's lien. He states that E. T. Redfield & Co. conveyed the lot to W. Byrne, as trustee, to secure debts due to Christian Byrne, and that afterwards, with the consent of Christian Byrne, he made a private sale of the lot to A. Wells for $400, and took his three notes for $133.33, each payable to E. T. Redfield & Co; that he took and held the notes for the benefit of Christian Byrne, and while they were so held his partner, E. T. Redfield, got possession of the notes and transferred them by delivery to Thos. G. Craighead as collateral security for a liability of Craighead as stayor for E. T. Redfield & Co.; that afterwards the liability of Craighead was released by payment of the debt, but that the notes were then held as indemnity for other liabilities of Craighead for E. T. Redfield & Co., and that the notes were afterwards endorsed to Craighead by E. T. Redfield, and that Craighead took and held the notes, with full notice that they were a trust fund for the benefit of Christian Byrne.

W. Byrne filed his answer as a cross-bill, making Craighead, E. T. Redfield, A. Wells, and Christian Byrne defendants.

Craighead demurred to the cross-bill of W. Byrne, but his demurrer was overruled, and he was allowed to answer. Craighead answered the cross-bill, insisting on his lien as claimed in his original bill. Neither of the other defendants to the cross-bill answered, nor was process served on them.

The Chancellor dismissed the cross-bill on the hearing, and decreed a sale of the lot to satisfy Craig-

head's lien. It is not denied that the three notes and the judgments rendered thereon against Wells in favor of Craighead are liens on the lot in controversy. But the question is, whether Craighead, the endorsee of the notes, or W. Byrne, the trustee for Christian Byrne, is entitled to the benefit of the lien. The probate of the deed of trust was not sufficient to admit it to registration, the clerk failing to certify that he was personally acquainted with E. T. Redfield, the maker thereof; but it is shown by the proof that Wells purchased from W. Byrne with knowledge of the trust deed. The registration, therefore, was not material, as between them.

It appears further that the deed of trust, although it purports to be made by E. T. Redfield & Co., was, in fact, only executed by E. T. Redfield, the other partner, W. Byrne, not having signed it. But the deed was made to W. Byrne, who already had the title as partner, and as he consented to the conveyance, and held the title as trustee, and still claims as trustee, the beneficiary, Christian Byrne, is entitled to its benefits, unless Craighead has acquired a superior lien as an innocent purchaser and holder of the notes.

In his answer to Byrne's cross-bill Craighead says: "These notes, as well as respondent remembers, were placed in his hands by E. T. Redfield to secure respondent as stayor upon a judgment in favor of Thos. Wood against E. T. Redfield & Co., and were placed in his hands before he entered his name as stayor. This judgment was afterwards settled by said Redfield & Co., as respondent was and is informed; and upon

its payment said Redfield directed respondent to retain them as collateral, collect them if possible, and apply the proceeds to the payment of a debt due John Cummings against said Ryrne & Redfield, and on which respondent was security, or any others upon which he was liable."

He states further, that when the notes were delivered to him by E. T. Redfield, he had no knowledge of the claim of Christian Byrne and others, but he had knowledge of his claim before he procured E. T. Redfield to endorse the notes to him in the firm name of E. T. Redfield & Co.

Upon the principle decided in *Kimbro* v. *Lytle*, 10 Yerg., 429, which has been repeatedly followed in this court, when Craighead received the notes as collateral, and therefore incurred the liability of a stayor to the judgment of Wood against E. T. Redfield & Co., he took them in due course of trade, and free from any equities outstanding against them.    But he proceeds to state that the Wood judgment was paid by Redfield & Co., and then he retained the notes, with Redfield's consent, as indemnity against his liability for Redfield & Co., on a debt to Cummings and other liabilities. There were pre-existing liabilities, for which the notes were held as indemnity by Craighead.    He gave up nothing, and incurred no liability, upon receiving the notes.

In the case of *Kimbro* v. *Lytle*, 10 Yerg., 423, this court said: That due course of trade is where the holder has given for the note his money, goods, or credit, at the time of receiving it, or has, on account

of it, incurred some loss or incurred some liability. But in *Bey* v. *Codelgton,* 20 Johns., 637, approved by this court, in *Kimbro* v. *Lytle,* and *Nichol* v. *Bate,* 10 Yerg., 432, it was held, that where notes were fraudulently passed by an agent to secure the defendant against responsibilities assumed by him as endorser of his notes, they not being received in the due course of trade, nor for a present consideration, the defendant was not entitled to hold them against the true owner. This authority is conclusive against the right of Craighead to hold the three notes as against Byrne, the real owner. The notes were payable to E. T. Redfield & Co., but really belonged to W. Byrne, for the benefit of Christian Byrne. Redfield, as partner of W. Byrne, got possession of the notes and transferred them to Craighead, who was his father-in-law, to secure him against existing liabilities for E. T. Redfield & Co. If these notes are decreed to W. Byrne, Craighead has lost nothing. He gave nothing for them, and incurred no new liability upon receiving them. It follows that he did not receive them in due course of trade, but that he took them subject to the equities of W. Bryne, as trustee for Christian Byrne.

The decree of the Chancellor dismissing Byrne's cross-bill, and giving Craighead relief on his original bill, will be reversed, and Craighead's original bill will be dismissed, and a decree will be rendered giving Byrne relief on his cross-bill. The costs of this court and of the court below will be paid by Craighead.